**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

BENJAMIN ARTHUR BOWEN,
an individual,

    Plaintiff,

v.

XINGZHAO LI a/k/a AIDA TOP a/k/a YANG LEI LEI, an individual.

    Defendant.

CASE NO.

**COMPLAINT FOR VIOLATION OF THE**
**RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT**

Plaintiff, BENJAMIN ARTHUR BOWEN, by and through undersigned counsel, sues Defendant XINGZHAO LI a/k/a AIDA TOP a/k/a YANG LEI LEI, and states as follows:

**PRELIMINARY STATEMENT**

1. Defendant stole cryptocurrency from Plaintiff valued at approximately TWO MILLION TWO HUNDRED THIRTY-SEVEN THOUSAND TWO HUNDRED SIXTY-EIGHT DOLLARS ($2,237,268.00) pursuant to a sophisticated global internet cryptocurrency fraud and conversion scheme.

2. Defendant played a material role in the theft of Plaintiff's assets, and upon information and belief, currently possesses all or a significant portion of Plaintiff's stolen property.

3. Plaintiff brings this lawsuit to recover his stolen assets.

**SUBJECT MATTER JURISDICTION AND VENUE**

4. This is an action for damages including pursuant to 18 U.S.C. § 1961, et seq. (the "Racketeer Influenced and Corrupt Organizations Act" or "RICO"). This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question).

5. Venue is proper in this District pursuant to 18 U.S.C. § 1965(a) and (b), and 28 U.S.C. § 1391(b) and (c).

**THE PARTIES AND PERSONAL JURISDICTION**

6. Plaintiff BENJAMIN ARTHUR BOWEN is an individual, is *sui juris*, and is a resident and citizen of California.

7. Defendant XINGZHAO LI is an individual, is *sui juris*, is a foreign defendant in China, and is subject to the personal jurisdiction of this Court. Defendant represented to Plaintiff that she was Chinese, and the parties' communications consistently demonstrated that Defendant was of Chinese descent and located in China.

8. At all times material hereto, Defendant has maintained and continues to maintain, private cryptocurrency wallets and cryptocurrency exchange accounts in which all of or a portion of Plaintiff's stolen cryptocurrency currently sits.

9. Defendant is subject to personal jurisdiction in this district, because she directs business activities towards and conducts business with consumers throughout the United States, including within the State of Florida and this district through at least the e-mail address (xingzhao1201@gmail.com) accessible from Florida. Alternatively, Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because (i) Defendant is not subject to jurisdiction in any state's court of general jurisdiction; and (ii) exercising jurisdiction is consistent with the United States Constitution and laws.

## ALLEGATIONS COMMON TO ALL COUNTS

**A.     Defendant Executes an International Cryptocurrency Theft Scheme.**

10.     On or about April 15, 2022, Defendant connected with Plaintiff through Facebook, an online social media and social networking service.

11.     Defendant misrepresented that she was successfully engaged in the trading of cryptocurrency investments.

12.     Defendant misrepresented that her aunt, Li Xueying, was a successful trading expert who managed a lucrative analyst group at Grayscale Investments - a legitimate third party digital currency asset management company.

13.     Defendant misrepresented that she would utilize intricate mathematical algorithms designed and implemented by her aunt at Grayscale Investments to successfully execute cryptocurrency trades and earn a profit for Plaintiff.  Accordingly, Defendant recommended that Plaintiff invest in a margin trading platform called foundrypro.net ("FOUNDRYPRO").  In reality, neither Defendant nor her aunt had any relationship with Grayscale Investments and the FOUNDRYPRO platform was fraudulently operated by Defendant.

14.     Defendant supported the above misrepresentations by texts (cellular mobile phone and WhatsApp internet service), interstate (cellular and internet) phone calls, international (cellular and internet) phone calls, and e-mail (from xingzhao1201@gmail.com).

15.     On or about May 17, 2022, Plaintiff joined FOUNDRYPRO.

16.     Margin trading, also called leveraged trading, refers to making bets on cryptocurrency markets with "leverage," or borrowed funds, while only exposing a smaller amount of a trader's own capital. Margin is the amount of cryptocurrency a trader needs to

3

enter into a leveraged position. Margin trading positions can be regarded as either a long or short position with respect to the cryptocurrency in question. In a long position, a trader buys a cryptocurrency in anticipation of selling it in the future when the price rises, making a profit from the price difference. In a short position, a trader borrows a cryptocurrency at its current price to repurchase it when the price drops to make a profit.

17.     At Defendant's encouragement and direction and in reliance on the foregoing false and fraudulent misrepresentations, Plaintiff started to execute margin trades on Defendant's recommended FOUNDRYPRO platform.

18.     The fraudulent FOUNDRYPRO platform included a falsified dashboard that displayed increasing "fake" gains over Plaintiff's investments, on which - along with Defendant's encouragement, misrepresentations, and direction - Plaintiff relied to continue to transfer greater amounts of funds to the FOUNDRYPRO platform.

19.     Defendant proceeded to steal Plaintiff's cryptocurrency on November 7, 2022, after Plaintiff attempted to withdraw his cryptocurrency from the FOUNDRYPRO platform.

**B.     Plaintiff's Forensic Tracking of His Stolen Cryptocurrency.**

20.     Cryptocurrency is a digital asset, which may be a medium of exchange, for which generation or ownership records are supported through a distributed ledger technology that relies on cryptography, such as a "blockchain." When a transaction is made on the blockchain it is assigned a "transaction hash" ("TXID"). A transaction hash is a unique string of characters that is given to every transaction that is verified and added to the blockchain. A TXID is used to uniquely identify a particular transaction. All on-chain transactions (the transactions from or to external addresses) have a unique TXID that can be seen in transaction

details.  All on-chain transactions (depositing and withdrawing of funds) have a unique TXID that can be found in transaction details.

21.    Plaintiff's subject cryptocurrency consisted of "Tether (USDT)" which is an asset-backed cryptocurrency or "stablecoin" pegged to the U.S. Dollar.  Stablecoins are a category of cryptocurrencies with mechanisms that are aimed at maintaining a stable value, such as by pegging the value of the coin to a specific currency, asset, or pool of assets or by algorithmically controlling supply in response to changes in demand in order to stabilize value.

22.    Between May 17, 2022, and October 28, 2022, Plaintiff sent eight USDT cryptocurrency transactions to a first virtual wallet address controlled by Defendant at 0xba109c48264785070e35963592540324e8612d09 ("Defendant Wallet 1") from Plaintiff's Crypto.com account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| May 17, 2022, 10:28:29 PM | 5,313 USDT | 0x2e088eb1ce38070574f14b77d0f126c41eb3febb0ddd73dbd64577cd34830caf |
| May 26, 2022, 8:21:37 PM | 147,457 USDT | 0x4945c7e66395da05a4690f29b1182d74f0c19c2ca597b689de083fc3d2472b1e |
| May 27, 2022, 7:21:02 PM | 144,647 USDT | 0x16c71d45471f94d4b3fc85f95163c5a2c733417542b741565525cb13bc227400 |
| Jun 28, 2022, 10:55:51 PM | 196,162 USDT | 0xf34059b3cbff0d761ab6f0f5da8fc9843634b45eef8a8300aaee165c39b5d438 |
| Jun 29, 2022, 11:24:30 PM | 199,975 USDT | 0x9850e8adc580f81271c8e5a1f945413e5d55e2fc78e5ba54748924bc14c7d40d |
| Jul 1, 2022, 7:43:04 AM | 143,308 USDT | 0xa204dfbe12e87e02356b6459d7ae66a03a31629b3a4bbf2b9cee066a3dc2face |
| Aug 30, 2022, 8:30:53 PM | 194,861 USDT | 0x06f71a2e278090c1d86f3cae71972d943cdcf5d18ba8bcde4394956c0ffb60dc |
| Oct 28, 2022, 4:06:59 PM | 99,859 USDT | 0x458d7947ef73244b2bd70d303da3dbddc78ec138ccce9c0b02dcb05210edefb8 |
| **Sent to Wallet Address: 0xba109c48264785070e35963592540324e8612d09** | | |

23.    Between September 18, 2022, and October 2, 2022, Plaintiff sent four cryptocurrency transactions to a second virtual wallet address controlled by Defendant at 0x9800322ca41c512265a0b14c49a834c4a2c448aa ("Defendant Wallet 2") from Plaintiff's Crypto.com account:

5

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Sep 18, 2022, 3:58:23 AM | 194,861 USDT | 0xf3c50bac42f8d7c478093313e0560ae0393c38115b7116c9dd5eaaf1c0cfc4a4 |
| Sep 19, 2022, 5:35:11 AM | 189,990 USDT | 0xf6de8f37cff27717ac5e2d519b896fd364e7949a393ae6fc3d9e5e13c88d106b |
| Oct 1, 2022, 7:23:47 PM | 190,000 USDT | 0xe3e16266b128644f57c27ddb80acb7a1092c959065464357ebf5bb081f405d76 |
| Oct 2, 2022, 12:39:11 AM | 8,990 USDT | 0xa5ffe5252e088f8519ec34a6d3e6f377e4c7c139d06a9d1e0f0d2c07e5b914a3 |
| **Sent to Wallet Address: 0x9800322ca41c512265a0b14c49a834c4a2c448aa** | | |

24. On August 30, 2022, Plaintiff sent a cryptocurrency transaction to a third virtual wallet address controlled by Defendant at 0xb285ca276c96c47b546d0ca88f77905fadc8eb3a ("Defendant Wallet 3") from Plaintiff's Coinbase account:

| Date & Time (UTC) | Amount | Transaction Hash |
|---|---|---|
| Aug 30, 2022, 10:27:44 PM | 499,987 USDC | 0x7b66045360eb855bfa2290af3680b91f7eee64461413cf5bbbed948fb94ebdaa |
| **Sent to Wallet Address: 0xb285ca276c96c47b546d0ca88f77905fadc8eb3a** | | |

25. Plaintiff's funds were traced through multiple wallets prior to landing on the following legitimate online cryptocurrency exchanges:

| BINANCE | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| Binance Deposit 0x5768a6c7a29cea444bbdd454b03a288d0e1d113e | May 30, 2022, 8:30:12 AM | 303,951 USDT | Binance Exchange 0x28c6c06298d514db089934071355e5743bf21d60 |
| | May 18, 2022, 7:00:00 PM | 608,828 USDT | |
| Binance Deposit 0x54414a636b5439b14266f1ec9504a34b50cb5b9b | Aug 31, 2022, 8:01:59 PM | 30,000 USDT | |
| | Sep 1, 2022, 1:30:16 AM | 100,000 USDT | |
| Binance Deposit 0x753173f4a680796f98e6b824a0f2da6fef191b39 | Sep 7, 2022, 4:59:41 AM | 549,858 USDT | |

| | | | |
|---|---|---|---|
| Binance Deposit 0xb90f30f9f279fc07f33c3cd3942dc028f97400a4 | Jul 3, 2022, 11:30:11 PM | 50,000 USDT | |
| Binance Deposit 0xb90a40957179711a53d09ade855bc5f45eeca1e1 | Jul 3, 2022, 1:00:18 AM | 47,800 USDT | |
| Binance Deposit 0x38f6e7dd38954102b8471e7985d2420d23b3f35d | Jul 1, 2022, 8:00:08 AM | 100,000 USDT | |

| | | | |
|---|---|---|---|
| Binance Deposit 0x94bf1e38da59c7df90566883a3525c5fa3ca215c | Jul 2, 2022, 5:30:06 AM | 51,000 USDT | |
| | Jul 2, 2022, 4:30:29 PM | 55,000 USDT | |
| | Jul 3, 2022, 1:30:11 PM | 55,000 USDT | |
| Binance Deposit 0xc52b9dfb82490d14d76f0efd7ce76e82f2b5adfc | Jul 2, 2022, 9:00:19 AM | 60,000 USDT | |
| Binance Deposit 0xf380135d44be7e08a95c74c01c53deaec3a1701f | Nov 1, 2022, 3:30:23 AM | 70,000 USDT | |
| Binance Deposit 0xea5331f5f39c6e3801e4fd63d99e75b2a527d032 | Sep 19, 2022, 1:30:23 PM | 127,397 USDT | |
| Binance Deposit 0xf1d60bb0958a79cbaf2145a929cd395173a37149 | Oct 31, 2022, 7:30:23 AM | 50,000 USDT | |
| Binance Deposit 0x98a3b01609867a066524f78b33c72feef598d78d | Oct 31, 2022, 10:00:47 AM | 50,000 USDT | |
| | Nov 3, 2022, 6:30:23 AM | 100,000 USDT | |
| | Nov 3, 2022, 7:30:35 AM | 79,000 USDT | |
| Binance Deposit 0x54414a636b5439b14266f1ec9504a34b50cb5b9b | Aug 31, 2022, 5:00:50 PM | 100,000 USDT | |

7

| Sender Address | Date (UTC) | Amount | Receiver Address |
|---|---|---|---|
| | Aug 31, 2022, 7:03:44 PM | 112,130 USDT | |
| Binance Deposit 0xa14e0972a9d1ecdd7b8eb3be27b3901ebb24518f | Sep 2, 2022, 6:00:17 AM | 100,000 USDT | |
| Binance Deposit 0x9f7db89d141521517a553fbb704b8b05566c08a5 | Sep 2, 2022, 6:31:04 AM | 290,860 USDT | |

| FTX | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| FTX Deposit 0x56f60315bee850b6a212c797ee1ed43503a9536c | Jun 18, 2022, 7:25:12 AM | 180,000 USDT | FTX Exchange 0x2faf487a4414fe77e2327f0bf4ae2a264a776ad2 |
| FTX Deposit 0x0f4c6cc5492dbbeb567ad752afa4ea16f44e51c6 | Oct 16, 2022, 3:20:47 PM | 869,700 USDT | |

| OKX | | | |
|---|---|---|---|
| Sender Address | Date (UTC) | Amount | Receiver Address |
| OKX Deposit 0x29b71e4e2d12a6aa2f3cf330f0d79e75e58f54f0 | Sep 1, 2022, 3:17:49 AM | 221,402 USDT | OKX Exchange 0x5041ed759dd4afc3a72b8192c143f72f4724081a |
| | Sep 19, 2022, 4:06:11 PM | 246,020 USDT | |
| OKX Deposit 0x967d6bc2696935b305dc42023e8e7453bbef5f6c | Jun 9, 2022, 6:25:49 PM | 400,000 USDT | |
| OKX Deposit 0x8c379e714c01a8f8b3cb328f46bc249f918a5df4 | Sep 21, 2022, 7:11:47 AM | 40,000 USDT | |
| | Sep 21, 2022, 10:07:11 AM | 15,000 USDT | |
| | Sep 24, 2022, 9:05:23 AM | 7,250 USDT | |

8

| BITKUB |||||
|---|---|---|---|---|
| **Sender Address** | **Date (UTC)** | **Amount** | **Receiver Address** ||
| Bitkub Deposit 0x2bc47f91bfc8d848abfce3b81f3ce07e647fbc2d | Jun 24, 2022, 7:13:46 AM | 50,000 USDT | Bitkub Exchange 0x3d1d8a1d418220fd53c18744d44c182c46f47468 ||
| Bitkub Deposit 0xdb752832678b48e0ab53e023f054f62a09ca852c | Jun 25, 2022, 6:24:53 AM | 100,000 USDT |  ||
| Bitkub Deposit 0xe51d0faa62f279e45938edd494f92720126bcf4f | Jun 30, 2022, 9:14:48 AM | 143,266 USDT |  ||
|  | Jul 1, 2022, 9:03:47 AM | 142,857 USDT |  ||

26.  As set forth above, Defendant converted 2,237,268 USDT from Plaintiff valued at approximately TWO MILLION TWO HUNDRED THIRTY-SEVEN THOUSAND TWO HUNDRED SIXTY-EIGHT DOLLARS ($2,237,268.00).

27.  Plaintiff traced his stolen cryptocurrency to cryptocurrency exchanges: Binance, FTX, OKX, and Bitkub.

28.  Plaintiff suffered substantial damages.

29.  If unchallenged, Defendant will continue her fraudulent international criminal crypto theft scheme of robbing unsuspecting persons and businesses in the U.S., in this district, and throughout the world.

### FULFILLMENT OF CONDITIONS PRECEDENT AND ENTITLEMENT TO ATTORNEY'S FEES

30.  All conditions precedent to the maintenance of this action have been performed, have occurred, or have been waived or excused.

31.  Plaintiff has retained the undersigned attorneys to bring this action and is obligated to pay a reasonable attorney's fee for their services. Plaintiff is entitled to an award of his attorney's fees against Defendant, among other things, pursuant to 18 U.S.C. § 1964(c).

**COUNT I**
**RACKETEERING IN VIOLATION OF 18 U.S.C. § 1964**

32. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 31 above as if fully and expressly set forth herein and further alleges as follows.

33. The operation of Defendant and the other yet-to-be-identified parties, individually and through their fraudulent investment platform, FOUNDRYPRO, in their sophisticated global internet cryptocurrency fraud and conversion scheme constitutes a racketeering operation.

34. Defendant directed and coordinated with other yet-to-be-identified parties (collectively the "FOUNDRYPRO Enterprise," "RICO Enterprise," or "Enterprise") within the meaning of 18 U.S.C. § 1961(4), which Enterprise was engaged in, or the affairs of which affected, interstate and foreign commerce.

35. Defendant and the other yet-to-be-identified parties were each also a member of the RICO Enterprise, as each was a distinct person, separate and apart, from each of the RICO Enterprise members together.

36. The RICO Enterprise engaged in a pattern of racketeering activity.

37. As co-conspirators, the unlawful conduct of each member of the RICO Enterprise is attributed to every member, i.e., Defendant and the other yet-to-be-identified co-conspirators.

38. As set forth above, the RICO Enterprise engaged in the following predicate act of racketeering within the meaning of 18 U.S.C. § 1961(1): Wire fraud in violation of 18 U.S.C. § 1343.

39. The predicate act set forth in this Complaint, includes defrauding Plaintiff beginning in April 2022, through domestic and international telephone calls, WhatsApp messaging, domestic and international texts, and e-mails with Plaintiff.

40. The predicate act set forth in this Complaint are related, in that they have the same or similar purposes, results, participants, and methods of commission, and are otherwise interrelated by distinguishing characteristics and are not isolated events. The related criminal schemes set forth in this Complaint constitutes a "pattern or patterns of racketeering activity" as defined in 18 U.S.C. § 1961(5).

41. Defendant engaged in two or more predicated acts of racketeering within a period of ten years and committed at least one such act after October 15, 1970.

42. The information that would establish further predicate acts and further acts of racketeering is solely within the control of Defendant. However, given the global nature of their criminal scheme, with the great distances between: (a) the members of the FOUNDRYPRO Enterprise, including Defendant, in China; and (b) their unsuspecting victims including Plaintiff (e.g., throughout the United States, in this district, and throughout the world), the evidence will demonstrate the Enterprise members communicated with each other, with Plaintiff, with victims similarly situated to Plaintiff, through use of mail and/or wire. Plaintiff requires discovery to ferret out the further extent of predicate acts and further acts of racketeering, including the identity of similarly situated defrauded victims and the scope of the systematic fraud.

43. Defendant has received income derived, directly or indirectly, from a pattern of racketeering activity and used or invested, directly or indirectly, part of such income, or the proceeds of such income, in acquisition of an interest in, or in the establishment or operation

11

of, the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(a).

44. Defendant through a pattern of racketeering activity maintains, directly or indirectly, an interest in or control of the RICO Enterprise, an enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce in violation of 18 U.S.C. § 1962(b).

45. Defendant was associated with the RICO Enterprise, and conducted or participated, directly or indirectly, in the conduct of the Enterprise's affairs through the pattern of racketeering activity described herein in violation of 18 U.S.C. § 1962(c).

46. Defendant and the other yet-to-be-identified parties, each entered into a conspiracy to conduct or participate, directly or indirectly, in the conduct of the RICO Enterprises' affairs through the pattern of racketeering activity described herein, in violation of 18 U.S.C. § 1962(d).

47. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has suffered damages.

**WHEREFORE,** Plaintiff BENJAMIN ARTHUR BOWEN demands that judgment be entered against Defendant XINGZHAO LI as follows:

    (a)    damages;

    (b)    statutory trebled damages pursuant to 18 U.S.C. § 1964(c);

    (c)    punitive damages;

    (d)    costs, including reasonable attorney's fees, pursuant to 18 U.S.C. § 1964(c);

    (e)    costs;

 (f)  interest; and

 (g)  such other and further relief as this Court deems just and proper.

## COUNT II
## CONVERSION

48. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 31 above as if fully and expressly set forth herein and further alleges as follows.

49. As more fully alleged above, Defendant misappropriated Plaintiff's funds.

50. Defendant has converted Plaintiff's funds to her own use or to the use of others not entitled thereto and has exercised dominion and control over the funds to Plaintiff's exclusion and detriment.

51. Plaintiff has suffered damages as a direct and proximate result of Defendant's conversion.

WHEREFORE, Plaintiff BENJAMIN ARTHUR BOWEN demands that judgment be entered against Defendant XINGZHAO LI for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT III
## UNJUST ENRICHMENT

52. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 31 above as if fully and expressly set forth herein and further alleges as follows.

53. Plaintiff conferred a direct benefit upon Defendant by transferring the valuable cryptocurrency that Defendant converted from Plaintiff.

54. Defendant has knowledge of the benefit Plaintiff conferred upon her and has retained such benefit.

55. The circumstances under which Plaintiff conferred, and Defendant accepted, such benefit renders Defendant's retention of the benefits inequitable.

56. Equity requires that Defendant return to Plaintiff the benefits he conferred upon her.

**WHEREFORE,** Plaintiff BENJAMIN ARTHUR BOWEN demands that judgment be entered against Defendant XINGZHAO LI for damages, interest, costs, and such other and further relief as this Court deems just and proper.

## COUNT IV
## IMPOSITION OF A CONSTRUCTIVE TRUST
## AND DISGORGEMENT OF FUNDS

57. Plaintiff adopts and realleges the allegations set forth in paragraphs 1 through 31 above as if fully and expressly set forth herein and further alleges as follows.

58. This is an action to impose a constructive trust upon the property taken from Plaintiff that are currently held by Defendant at cryptocurrency exchanges: Binance, FTX, OKX, and Bitkub.

59. This action further calls for the restoration to Plaintiff of that wrongfully obtained property.

60. As set forth above, Defendant -- through actual fraud, misappropriation, conversion, theft, or other questionable means -- obtained Plaintiff's cryptocurrency, which in equity and good conscience Defendant should not be permitted to hold.

61. The cryptocurrency assets at issue are specific, identifiable property and have been traced to cryptocurrency exchanges: Binance, FTX, OKX, and Bitkub.

62. Any and all assets being held by Defendant at Binance, FTX, OKX, and Bitkub must be held in trust for Plaintiff's benefit, as Defendant is not entitled to the benefit of

wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

63. The cryptocurrency identified herein, which is being held by Defendant at Binance, FTX, OKX, and Bitkub, must be disgorged to Plaintiff's benefit, as Defendant is not entitled to the benefit of wrongfully misappropriated, converted, and stolen funds and cryptocurrency assets that were taken from Plaintiff.

**WHEREFORE,** Plaintiff BENJAMIN ARTHUR BOWEN demands the equitable imposition of a constructive trust over the property taken from Plaintiff that is currently under the control of Defendant XINGZHAO LI in the identified cryptocurrency wallet addresses, and further demands that the wrongfully obtained property be restored to Plaintiff.

## DEMAND FOR A JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

Dated: January 31, 2023

Respectfully submitted,

THE CRYPTO LAWYERS
*Attorneys for Plaintiff*
848 Brickell Avenue, Penthouse 5
Miami, Florida 33131
Telephone: (305) 423-3514
www.thecryptolawyers.com

By: *s/ D. Fernando Bobadilla*
D. Fernando Bobadilla, Esq., *Of Counsel*
Fla. Bar No. 0136948
fernando@thecryptolawyers.com


By: *s/ Agustin M. Barbara*
Agustin M. Barbara, Esq.
Fla. Bar No. 1002677
agustin@thecryptolawyers.com